MAILED TO COUNSEL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/28/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NORMA EVANS-GADSDEN,                 :
                                     :    04 Civ. 1329 (LAP)
                    Plaintiff,       :
                                     :    ORDER
         -against-                   :
                                     :
BERNSTEIN LITOWITZ BERGER &          :
GROSSMANN, LLP, AND ITS NAMED        :
EMPLOYEES, ROCHELLE FEDER HANSEN,    :
ESQ., AND ERIC SANDSTEDT, ESQ.       :
                                     :
                    Defendants.      :
------------------------------------x

LORETTA A. PRESKA, Chief United States District Judge:

On February 19, 2004, Plaintiff filed a pro se complaint alleging that her employer, the law firm of Bernstein Litowitz Berger & Grossmann, LLP (the "Firm"), and its employees had engaged in unlawful conduct by subjecting her to, inter alia, racial discrimination, adverse working conditions, hostile working environment, disparate treatment, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C § 1981.

The Honorable Stephen C. Robinson dismissed the claims against all defendants. See Evans-Gadsden v. Bernstein Litowitz Berger & Grossmann, LLP, 491 F. Supp. 2d 386 (S.D.N.Y 2007) aff'd, 323 F. Appx. 59 (2d Cir. 2009); Evans-Gadsden v. Bernstein Litowitz Berger & Grossmann, LLP, 332 F. Supp. 2d 592 (S.D.N.Y. 2004).

1

On October 14, 2010, this Court rejected Plaintiff's request to reopen the case. [Dkt. no. 54].  On October 22, Plaintiff sent another letter to the Court outlining the "fraud and forgery" purportedly perpetrated by the Firm while the case was in its discovery phase in 2005 and repeating her request that the Court reopen the case.

For the reasons that follow, Plaintiff's request is DENIED.

I.   BACKGROUND

Plaintiff raises three separate grounds in her request for the Court to reconsider her case.  First, Plaintiff states that she was not afforded an opportunity to file a Rule 60(b) motion because Judge Robinson resigned from the bench on August 11, 2010.  Second, Plaintiff claims that the Firm produced forged and altered versions of Plaintiff's overtime records during discovery.  Third, Plaintiff accuses the Firm of conspiring against her by sabotaging her work product while Plaintiff was an employee at the Firm.

II.  DISCUSSION

A. Plaintiff's Request is Procedurally Barred

Plaintiff's argument that she was never afforded the opportunity to file a Rule 60(b) motion due to Judge Robinson's resignation from the bench is meritless.  Plaintiff filed a motion for reconsideration on June 9, 2009. [Dkt. no. 48].  Judge Robinson denied that motion on September 16. [Dkt. no 49].

2

The Court of Appeals affirmed Judge Robinson's order on June 18, 2010. [Dkt. no. 53].  Judge Robinson resigned effective August 11, 2010.

Addressing Plaintiff's second and third grounds for reopening the case, Plaintiff's motion for reconsideration is time-barred because Plaintiff filed the motion more than one year after Judge Robinson dismissed her case on summary judgment.  Judge Robinson's September 16, 2009 Order [dkt. no. 49] and this Court's October 14, 2010 Order [dkt. no. 54] made the same finding.

No matter how much evidence Plaintiff offers implicating wrongdoing by the Firm during discovery, Federal Rule of Civil Procedure Rule 60(c) prohibits the Court from considering motions to reconsider based on newly discovered evidence or fraud[1] if the motion is filed "more than a year after the entry

---

[1] Rule 60(b) lists the following reasons as proper grounds for granting a motion for reconsideration:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

of the judgment . . . ." Fed. R. Civ. P. 60(c). This time period is "absolute" and cannot be waived by the Court. Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000); see also Wallace v. United States, 142 F.3d 240, 244 (2d Cir. 1944) (noting that the language of the rule is "so emphatic as to preclude the importation of an exception.").

Federal Rule of Civil Procedure 60(b) exists to promote the policy of finality of judgments. Klapprott v. United States, 335 U.S. 601, 627 (1949) (Reed, J., dissenting); see also Kotlicky v. United States Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (considering a 60(b) motion requires courts to "balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality"). Offering Plaintiff an exception to the rule and permitting her to file an untimely Rule 60(b) motion would undermine the policy behind the Federal Rules of Civil Procedure by allowing the litigation process to continue indefinitely. Consequently, Plaintiff's request must be denied.

B. Plaintiff's Request Would be Denied on the Merits

Even if the Court had the power to offer Plaintiff an exception to the one year filing period, Plaintiff's request would still be denied. "[T]he evidence in support of the motion to vacate a final judgment be 'highly convincing' and that a party show good cause for the failure to act sooner." Kotlicky,

4

817 F.2d at 9.  Plaintiff devoted much of her summary judgment brief attempting to show that the Firm conspired against her during her employment and that the Firm committed acts of fraud during discovery.  However, the Court has reviewed the record and Plaintiff's letters at length and, aside from Plaintiff's conclusory allegations of fraud, finds no factual support for the allegations that the Firm sabotaged her work product or engaged in any wrongdoing during discovery other.

Plaintiff must produce some evidence of discriminatory pretext other than her own conclusory statements to counter the Firm's demonstration of legitimate, non-discriminatory reasons for terminating her employment. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004) ("[To defeat summary judgment,] the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination.").  The Firm, through affidavits and records created prior to the commencement of litigation, demonstrated that it terminated Plaintiff's employment based on her poor work performance.  Plaintiff's only counterargument is her conclusory assertion that the Firm sabotaged her work product.  However, the alleged sabotage is

5

unrelated to the evaluations which ultimately caused the Firm to terminate Plaintiff's employment.  Without more concrete evidence to refute the Firm's reasons for terminating her, Plaintiff failed to raise an issue of fact on the issue of pretext in the summary judgment motion and failed to proffer "highly convincing" evidence in her Rule 60(b) motion.

To the extent that Plaintiff seeks additional relief from the Court for the Firm's alleged forgery of Plaintiff's overtime records, the Court is powerless to grant her the relief she seeks.  First, the charts included in Plaintiff's summary judgment brief indicate that the Firm paid Plaintiff for <u>more</u> overtime hours than Plaintiff actually worked.  Second, even if the allegations of forgery of overtime records during discovery were true, the allegations are immaterial to proving Plaintiff's claims of workplace discrimination, retaliation, and hostile work environment.  Notably, this Court's independent review of the record comports entirely with Judge Robinson's opinion on summary judgment.

Plaintiff has made serious claims of wrongdoing concerning how the Firm allegedly mistreated her.  Nonetheless, as noted above, the Firm has offered overwhelming evidence of legitimate, non-discriminatory reasons for terminating her employment.

Moreover, for the purposes of a summary judgment motion, neither the alleged sabotage nor the discovery violation bear a

connection to Plaintiff's claims for discrimination, retaliation, or hostile work environment.  Judge Robinson properly addressed these issues at length in his summary judgment opinion, and this Court sees no reason to question his analysis.

Two United States District Judges and two separate panels of the Court of Appeals have reviewed Plaintiff's case. Although Plaintiff is dissatisfied with the outcome of this litigation, the unfortunate truth is that this matter has reached its end.  All of Plaintiff's claims have been fully and fairly litigated.  Any further litigation is barred.

III. <u>CONCLUSION</u>

Plaintiff's request to reopen the case is DENIED.

SO ORDERED:

DATED:      New York, New York
            January 25, 2011

_____
LORETTA A. PRESKA, Chief U.S.D.J.

7